IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARY BETH SPOSI, an individual; and MENLO SMITH, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> SANTA CLARA CITY, UTAH, a Utah City, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:17-cv-1057-CW <br><br> Judge Clark Waddoups |

Plaintiffs Mary Beth Sposi and Menlo Smith contend Santa Clara City (the "City") improperly upheld a planning commission's decision to grant Verizon Wireless a conditional use permit to build a cell tower. Plaintiffs filed suit in State Court and the City removed the case on the basis of federal question jurisdiction. The matter is now before the court on the City's Motion for a More Definite Statement. For the reasons stated below, the court denies the City's motion, but directs Plaintiffs to address whether Verizon Wireless ("Verizon") must be joined as an indispensable party under Rule 19 of the Federal Rules of Civil Procedure.

## BACKGROUND

In 2016, Verizon sought approval to build a 100-foot cell tower on property in a residential agricultural zone, "next to the Santa Clara River, residential properties, and a golf course." City's Mem. Dec., at 2 (ECF No. 2-2). The planning commission granted a conditional use permit, but when neighboring property owners appealed that decision, the City overturned it on the basis that the tower failed to satisfy the City's General Plan and ordinance requirements.

The City also concluded Verizon had failed to submit sufficient evidence to show that federal law required the City to issue a permit.

The following year, Verizon submitted a new application to build a 60-foot cell tower on the same property. Again, the planning commission granted the application, and the neighboring property owners appealed the decision. This time, however, the City upheld the planning commission's decision. It held that the proposed cell tower complied with City ordinances, and that Verizon had shown a "significant gap in coverage" existed, such that federal law precluded the City from denying the application based on the Telecommunications Act of 1996. Plaintiffs then filed suit in State Court and the City removed the case.

## ANALYSIS

## II. MOTION FOR A MORE DEFINITE STATEMENT

Plaintiffs contend the "significant gap in coverage" at issue pertains to Verizon customers having slow internet speeds as opposed to a lack of call coverage. Plaintiffs contend the City erred in finding the Telecommunications Act required the City to approve Verizon's application because historically the Act did not apply to the internet. Thus, the internet could not be the basis for finding a "significant gap in coverage." Plaintiffs acknowledge the Federal Communications Commission ("FCC") issued a rule change in 2015 that reclassified the internet as a public utility under the Telecommunications Act. Plaintiffs contend, however, that the rule change was unconstitutional, contrary to Congressional intent, and contrary to the historical definition of "internet." The City asks for a more definite statement on the basis that Plaintiffs did not specifically identify which 2015 FCC rule is at issue.

Rule 12(e) of the Federal Rules of Civil Procedure allows a party to move for a more definite statement when a pleading "is so vague and ambiguous that the party cannot reasonably

prepare a response." Such motions, however, are generally disfavored. *Swig Holdings, LLC v. Sodalicious, Inc.*, No. 2:15-cv-307DAK, 2015 U.S. Dist. LEXIS 140572, at *3 (D. Utah Oct. 14, 2015) (quotations and citation omitted); *see also* 2-12 Moore's Federal Practice § 12.36 (Matthew Bender 3d Ed.) (stating a "motion for a more definite statement is not favored, because pleadings are to be construed liberally to do substantial justice"). Pleadings are meant to provide a party fair notice about the nature of a claim. While a pleading typically must provide that notice on its face, in a Rule 12(e) context, a "court may consider 'whether the movant has knowledge of the information sought.'" *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010) (quoting 2-12 Moore's Federal Practice § 12.36[3]).

Here, the case is before the court after full administrative proceedings in which Plaintiffs presented their concerns about the applicability of federal law. In their opposition brief to the present motion, Plaintiffs cited to a letter they presented to the City, which identifies the particular rule at issue. Moreover, the Complaint provides sufficient detail that one should reasonably be able to prepare a response. For these reasons the court denies the City's motion for a more definite statement.

## III.    INDISPENSABLE PARTY

Plaintiffs seek declaratory judgment that the City's approval of the cell tower was illegal and arbitrary and capricious. They further seek an order setting aside the "approval of Verizon Wireless' 2017 Application for a 60-foot cell tower." Petition for Review of Decision, at 23 (ECF No. 2-2). Should Plaintiffs obtain the relief they seek, Verizon's interests will be negatively impacted. Rule 19 directs joinder of an indispensable party. Although this issue has not been raised by Verizon or the parties, "courts and commentators generally agree that this issue is not waivable, and that a reviewing court has an independent duty to raise it *sua sponte*."

*Enterprise Management Consultants, Inc. v. United States*, 883 F.2d 890, 892 (10th Cir. 1989) (quotations and citations omitted). Accordingly, the court directs Plaintiffs to address whether Verizon must be joined as an indispensable party.

## **CONCLUSION AND ORDER**

For the reasons stated above, the court DENIES the City's Motion for a More Definite Statement (ECF No. 6). The court ORDERS Plaintiffs to address **on or before April 10, 2018** whether Verizon must be joined as an indispensable party. Responsive and reply briefs, if any, shall follow DUCivR 7-1(b)(3) about filing times.

DATED this 27th day of March, 2018.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge