IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARY BETH SPOSI, an individual; and MENLO SMITH, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>SANTA CLARA CITY, UTAH, a Utah City, VERIZON WIRELESS, and WINDY PEAK, LC.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:17-cv-1057-CW<br><br>Judge Clark Waddoups |

This case is an appeal from a decision by Santa Clara City, Utah (the "City") in 2017 to issue a conditional use permit to Verizon Wireless ("Verizon") to build a cell tower on property owned by Windy Peak, LC ("Windy Peak"). Plaintiffs Mary Beth Sposi and Menlo Smith are property owners who challenge the City's decision to issue the special permit. They now move to enjoin Verizon from building the approved tower. They also move to compel the City to supplement the record with prior application materials filed by Verizon in 2016. Conversely, Verizon and Windy Peak move to dismiss the action in its entirety on statute of limitations grounds.

## **DISPOSITION OF MOTIONS**

The court held a hearing on August 23, 2018 to address each of the motions. For the reasons stated on the record, the court denies the Motion to Dismiss filed by Verizon and Windy

Peak (ECF No. 31). The court concludes 47 U.S.C. § 332(c)(7)(B)(v) required Plaintiffs to file suit against the City within thirty days after its adverse ruling. Plaintiffs did so. The section does not afford Plaintiffs a right of action against Verizon and Windy Peak. Thus, failing to join those defendants within thirty days does not act as a statutory bar. Moreover, while Verizon and Windy Peak may be necessary parties under Rule 19 of the Federal Rules of Civil Procedure, as discussed on the record, they are not indispensable parties when the Rule 19(b) balancing factors are considered. After the court issued its ruling from the bench, Verizon and Windy Peak opted to continue as parties in the case and participate in a manner similar to those who intervene as of right under Rule 24(a). Accordingly, they shall continue as defendants in this matter.

For the reasons stated on the record, the court grants Plaintiffs' Motion to Compel Santa Clara to Supplement Record (ECF No. 46). The City acknowledges its 2016 Decision is part of the record. *See* Appx. of Record Evidence, Ex. 1, at Appeal Rec., Vol. I, at 9 (ECF No. 35). That decision references the exhibits at issue in Plaintiffs' Motion. *See* 2016 Decision, Appeal Rec., Vol. I, at 11-23. The record also provides sufficient evidence to show the Planning Commission and the City considered the 2016 application materials when it reached its decision on Verizon's 2017 application. *See e.g.*, Verizon Letter, Appeal Rec., Vol. II, at 289-95 (ECF No. 36) (responding to the City's request that Verizon address each point made in the 2016 Decision as part of the City's consideration of the 2017 application). Thus, pursuant to Utah Code Ann. § 10-9a-801(8)(a)(ii), all exhibits listed on the first "Appendix of Record Evidence," Appeal Rec., Vol. I, at 23, shall be filed by the City as part of the Appeal Record.

For the reasons stated below, the court denies Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 22) solely on the basis that Plaintiffs'

have failed to show irreparable harm. Because the motion fails on that essential requirement, the court need not reach the issue of whether the other requirements may have been satisfied.

## **FACTUAL BACKGROUND**[1]

In 2016, the City overturned a decision by its Planning Commission to issue a conditional use permit to Verizon for construction of a 100-foot cell tower. The City concluded that Verizon's application failed to satisfy applicable requirements. Included among the City's findings and conclusions were the following main determinations:

1. "The use will be detrimental to the aesthetics and property in the area."

2. "The use would not comply with Santa Clara's zoning regulations" because (a) the proposed location "is designated as open space under Santa Clara's general plan," (b) the site "is not already developed with telecommunications facilities," and (c) "Verizon failed to submit any studies about feasible alternatives that would have less severe environmental impacts."

3. Verizon failed to show "the proposed tower is necessary to remedy a significant gap in coverage."

2016 Decision, Appeal Rec., Vol. I, at 14-18.

On January 13, 2017, Verizon filed a new application. *Id.* at 25. The City hired CityScape Consultant Inc. ("CityScape"), a telecommunications expert, to review the materials submitted by Verizon. CityScape reviewed whether Verizon had shown a need for a cell tower and whether its application met all local requirements. Appeal Rec., Vol. II, at 273. It noted that

---

[1] The court does not provide an exhaustive factual background about this dispute because it is deciding the Preliminary Injunction motion solely on the ground that Plaintiffs failed to show irreparable harm.

Santa Clara had the right to regulate telecommunication facilities, including their location, type of structure, collocations, and so forth. *Id.* It also noted, however, that Santa Clara's rights were not unlimited because federal law prohibits local governments from enacting laws that effectively preclude providers from developing their networks. *Id.* Moreover, one provider cannot be preferred over another. *Id.*

Significantly, CityScape informed Santa Clara that while Verizon had shown a need to increase its coverage, primarily in the St. George area, it had the best service coverage out of the four main providers in the region. Appeal Rec., Vol. I, at 270; Appeal Rec., Vol. II, at 276-77. Thus, if Verizon was seeking to build a tower, CityScape said the other providers likely would seek to build a tower by Verizon's or locate their antenna on the same tower, thereby necessitating an increased height. *Id.* The City therefore faced the possibility of a taller tower or even more structures in the proposed view corridor if it approved Verizon's application.

CityScape provided a summary of its findings on May 1, 2017. Based on the information before it, CityScape concluded that two reasonable locations existed for the cell tower: Frei Farm, which was the proposed site, and Arrowhead School. Appeal Rec., Vol. II, at 277. CityScape opined that the Arrowhead School site actually "would do more to benefit Santa Clara" even if it only had a 50-foot tower compared to a 100-foot tower that would be necessary for the Frei Farm to provide equal coverage. *Id.*

CityScape further noted that Verizon's application failed to provide all necessary information. *Id.* at 275. Through its application materials and during "a narrative," Verizon provided "reasonable information," but CityScape commented there still was "substantial unknown information, mostly concerning the design parameters of each alternative location,"

and that the City should explore those issues at the Planning Commission hearing.[2] *Id.* at 275, 278.

The City Attorney then asked Verizon to provide "a written letter or statement addressing each item of the Appeal Authority decision issued on August 3, 2016," which denied Verizon's original application. Appeal Rec., Vol. II, at 289. Verizon asserted that was not a condition required by its new application, but it nevertheless provided a written response. *Id.* The first item Verizon addressed was the impact on aesthetics and property in the area. It said its tower would effectively blend with the area because it lowered the tower from 100 feet down to 60 feet and it would paint it. *Id.* at 290. Additionally, it stated it had provided photo simulations from different points, all of which showed the tower would "blend in with existing natural and manmade environment." *Id.*

Verizon further asserted the appraisal used in reaching the 2016 Decision was flawed and should not be considered. *Id.* It cited to a study that said "[m]ore than 75% of prospective home buyers said a good cellular connection was important to them." *Id.* (citation omitted). Thus, by providing better cell service, Verizon contended it was not detrimentally impacting property in the area. *Id.* Verizon, however, did not provide any appraisal or independent assessment to show the actual impact of the tower on the relevant property.

On May 9, 2017, the Planning Commission held a hearing and then evaluated whether

---

[2] On May 8, 2017, Verizon provided further commentary to the City about why an alternative site at the Sunbrook Golf Course in St. George was not feasible. Appeal Rec., Vol. II, at 299. A dispute exists about whether Verizon's attempts to make contact with St. George about the site were made to the proper person and whether it fully explored the options for adequate access to the property. Additionally, Verizon acknowledged at the hearing that it had not provided propagation data for that site in the same manner that it had for the other alternative sites. These issues, however, go to the merits of the case and not to whether Plaintiffs will suffer irreparable injury absent an injunction.

Verizon had met each requirement to obtain a conditional use permit. Appeal Rec., Vol. II, at 366-69. To obtain such a permit, Santa Clara requires an applicant to show "[t]hat the use will not be detrimental to the health, safety, welfare, *or aesthetics*, *or detrimental to property or improvements in the area*. Santa Clara City Code § 17.40.060(B) (emphasis added). For telecommunication facilities, to the extent allowed by law, the City must "[e]nsure against the creation of visual blight within or along the city's scenic corridors and ridge lines." *Id.* § 17.42.010(B). Additionally, the City requires the following:

> No telecommunication facility shall be installed . . . in or at a location . . . designated with a . . . park or open space (OS) on the Santa Clara general plan, unless it blends with the surrounding existing natural and manmade environment in such a manner as to be *effectively unnoticeable* and a finding is made that no other location is technically feasible.

*Id.* § 17.42.190(B) (emphasis added).

It is undisputed that the location of the site at issue is designated as an open space on Santa Clara's general plan. Thus, the question of whether the tower would be effectively unnoticeable and not create a visual blight to the detriment of aesthetics and property values in the area was before the City. When the Planning Commission reached this item during its deliberations, however, it assumed federal law preempted its local statutes, and therefore, did not specifically address the aesthetics and property value factors. Appeal Rec., Vol II, at 366-67. The Commission then approved the permit and Plaintiffs appealed that decision to the City Council.[3]

---

[3] In Plaintiffs' July 25, 2017 written statement to the City, they referenced a March 23, 2017 letter that laid out a portion of Plaintiffs' positions. Appeal Rec., Vol. II, at 383. Plaintiffs incorporated that letter into its written statement. The Appeal Record submitted to the court does not appear to have that March 23, 2017 letter. *See* Appx. of Record Evidence, at Appeal Rec.,

Significant for this motion only,[4] during the 2016 permit process, Plaintiffs provided an appraisal showing the detrimental impact on their property value if a 100-foot tower was built in their view scape.  Verizon's 2017 application proposed a 60-foot tower and offered to make it a stealth structure rather than a monopole.  Plaintiffs did not provide evidence about the impact on their property values if a 60-foot stealth tower was built in their view scape, or if multiple towers were built to accommodate other providers.

On appeal to the City Council, however, Plaintiffs did contend that Verizon's photo simulations were taken from selective locations and none of them were taken from the subdivisions that would face the greatest impact.  *Id.* at 383-84.  Thus, according to Plaintiffs, Verizon had failed to provide sufficient evidence on that factor, as well as others,[5] and should not have been issued a conditional use permit.  *Id.* at 383-84, 386.

Following a hearing, where it heard from the parties and others in the community, on August 2, 2017, the City Council affirmed the Planning Commission's decision subject to certain conditions to "better mitigate the anticipated detrimental effects of Verizon's proposed use." Appeal Rec., Vol. I., at 5.  The City limited the tower height to 60 feet.  *Id.* at 5-6.  It directed that the tower structure be modified to accommodate three other carriers and that the tower be

---

Vol. I, at 9.  To the extent the City has not provided it as part of the record, the court directs the City to do so.

[4]  To obtain a conditional use permit, Verizon had the burden of showing its cell tower did not detrimentally impact property values.  On a motion for preliminary injunction, however, Plaintiffs bear the burden of showing irreparable harm.

[5]  Whether Verizon fulfilled its obligation to provide adequate photo simulations is also in dispute.  Verizon contends it provided photographs specifically requested by Plaintiffs and that it would have provided more had Plaintiffs timely raised their objections.  Appeal Rec., Vol. II., at 405-06.

concealed within a structure that was "more aesthetically compatible with the surrounding area." *Id.* at 6. It did not address how better mitigation and the tower being "more aesthetically compatible," as opposed to aesthetically compatible, satisfied the statutory requirements that the tower not be detrimental to nearby property owners.

## **ANALYSIS**

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citation omitted). To obtain an injunction, Plaintiffs must show (1) they are "substantially likely to succeed on the merits;" (2) they "will suffer irreparable injury if the injunction is denied;" (3) the threatened injury to them "outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest." *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (citation omitted). Of these factors, "[a] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *N.M. Dep't of Game & Fish v. United States DOI*, 854 F.3d 1236, 1249 (10th Cir. 2017) (quotations and citations omitted). Thus, a movant must show "such injury is likely *before* the other requirements for the issuance of an injunction will be considered." *Id.* (emphasis added) (quotations and citations omitted).

To prove irreparable harm, Plaintiffs must show their injury is "certain, great, actual and not theoretical. *Id.* at 1251 (quotations and citation omitted). It requires showing "that irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22 (emphasis in original) (citations omitted). In other words, Plaintiffs must do more than allege they *may* suffer

harm. They must show such harm is probable and that such "harm cannot be compensated after the fact." *Dep't of Game & Fish*, 854 F.3d at 1250 (citations omitted).

In this case, Plaintiffs assert Verizon failed to come forward with sufficient evidence to show the tower would not be a detriment to aesthetics and nearby property values. They contend Verizon failed to provide appropriate site pictures and thereby minimized the visual impact of its planned cell tower on property owners. Absent such information, Plaintiffs contend the City should not have approved the permit.

In other cases, telecommunication providers have come forward with specific information to refute a cell tower would negatively impact property values in the proposed area. *See e.g.*, *AT&T Mobility Servs., LLC v. Vill. Of Corrales*, 642 Fed. Appx. 886, 890 (10th Cir. 2016) (stating AT&T "presented some evidence that the tower would not have an adverse effect on the property values of adjacent homes"); *Bell Atl. Mobile of Rochester L.P. v. Town of Irondequoit*, 848 F. Supp. 2d 391, 401 (W.D.N.Y. 2012) (stating Verizon had disproved a reduction in property values). Santa Clara's statute requires similar consideration of the impact on property before an applicant can receive a conditional use permit. Verizon had the burden to come forward with such evidence during the permit process. Whether Verizon met that burden, however, goes to the merits and not to whether Plaintiffs alleged harm is irreparable for purposes of obtaining a preliminary injunction.

The only evidence the court has before it is the representation that the 2016 appraisal showed the proposed cell tower will detrimentally impact nearby property values.[6] As stated above, however, the appraisal pertained to a 100-foot cell tower that was not a stealth design. No

---

[6] The 2016 appraisal has not been provided to the court yet.

evidence was provided about the impact of a 60-foot stealth cell tower. Moreover, Plaintiffs have not shown the magnitude of the harm, nor that any such harm cannot be addressed. At most, Plaintiffs contend the City cannot be sued for monetary damages and once the cell tower goes up, it cannot be removed easily. Removal still can be required, however, at Verizon's expense, if the permit was issued improperly.[7] Accordingly, Plaintiffs have failed to show any alleged harm is irreparable. Because Plaintiffs have failed to establish a necessary element to obtain a preliminary injunction, the court denies Plaintiffs' motion.

## **CONCLUSION**

For the reasons stated above, and on the record, the court DENIES the Motion to Dismiss (ECF No. 31) filed by Verizon and Windy Peak, LC. The court GRANTS the Motion to Compel (ECF No. 46) filed by Plaintiffs and directs Santa Clara City to supplement the Appeal Record with the exhibits identified on the first "Appendix of Record Evidence," at Appeal Rec., Vol. 1, at 23 (ECF No. 35). The City also should supplement the record with Plaintiffs' March 23, 2017 letter if it has not already done so. The court DENIES Plaintiffs' Motion for Temporary Restraining Order & Preliminary Injunction (ECF No. 22).

DATED this 3rd day of October, 2018.

BY THE COURT:

_____
Clark Waddoups
United States District Judge

---

[7] Should Verizon elect to proceed with the construction of the tower, prior to resolution of this appeal, it will do so at its own risk of being required to remove the tower should it not prevail.